## UNITED STATES OF AMERICA

v.

## Bruce Scott ZISKIND, Defendant.

### No. CR. 02–10016DPW.

United States District Court,
D. Massachusetts.

Jan. 25, 2005.

William J. Cintolo, Cosgrove, Eisenberg & Kiley, PC, Boston, MA, Robert M. Goldstein, Quincy, MA, for Defendant.

Fred M. Wyshak, Jr., United States Attorney's Office, Boston, MA, for Plaintiff.

## MEMORANDUM AND ORDER

WOODLOCK, District Judge.

The defendant has moved for a stay of execution of his sentence on grounds that two developments in the Supreme Court since his conviction cast doubt respectively on the integrity of the jury's verdict and the propriety of his sentence.

### I

With respect to the verdict's integrity, the defendant contends that he was deprived of his ability to confront a witness against him in violation of the Supreme Court's confrontation clause analysis set forth last term in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). It is apparent that the defendant would have benefitted from the rule announced in *Crawford* had it been handed down before his trial. I would, in reliance upon *Crawford*, have rejected any effort to permit out-of-court

statements of the alleged non-testifying co-conspirator, John Murray, from being brought to the attention of the jury either by reading from his plea colloquy or by stipulation.

A more difficult issue is presented by the question whether the defendant adequately preserved his objection. The defendant acquiesced in a stipulation to avoid introduction of Murray's plea colloquy. It was apparent to me that the defendant viewed the stipulation as the lesser of alternative evils. Although his principal practical concern was the direct inculpatory character of the statement—a concern ameliorated by the tailoring of the stipulation—I was alerted regarding the basic Confrontation Clause evidentiary rationale for the defendant's objections. I did make my initial ruling about admissibility anticipating further tailoring the manner of presentation. And while the defendant did not fully frame the objection further before me, I am satisfied that I received sufficient notice of the defendant's concerns so that it would not be unfair for him to pursue the issue on appeal having been, for all intents and purposes, rebuffed at the trial court level.

Whether the Court of Appeals will find the issue was ventilated sufficiently to permit appellate review on anything beyond plain error scrutiny, cf. *United States v. Gomes*, 177 F.3d 76, 80 (1st Cir.1999), is a separate question upon which I offer no opinion. It may be that an appellate court would view the course of proceedings in the trial court as constituting a waiver or a forfeiture of the precise *Crawford* objection defendant now presses with specificity. Further, it may be that the error will be subject to review under a relatively forgiving harmless error analysis.

My own view is that the defendant's substantial rights were not affected by the erroneous introduction of the Murray evidence, cf. Fed.R.Evid. 103(a), especially in light of the strategic choice the defendant made regarding an appropriate defense and given the weight of the evidence against him. Of course, the decision to pursue a statute of limitations defense, while conceding criminal activity before the end of the limitations period, may itself have been a response to the Murray evidence.[1] I will for purposes of considering the defendant's request for relief make the assumption *arguendo* that the erroneous introduction of the Murray evidence could result in a new trial and will address the implications of such an outcome in Section III below.

## II

The defendant correctly anticipated that aspects of the former sentencing guidelines regime for the federal courts was doomed by the Supreme Court's decision last term in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, the outcome of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (opinion of Breyer, J.) as to remedy directs that the guidelines be treated as advisory. Treating the guidelines in such a fashion, I find that the sentence imposed under the mandatory guidelines scheme would in all likelihood be the sentence I would impose under an advisory guidelines sentencing scheme. Consequently, I am of the view that refinement of federal sentencing guidelines law provided by *Booker* is of no particular assistance in supporting the de-

---

1. I note, however, that in his motion for a stay the defendant continues to rely upon the statute of limitations defense.

fendant's claims of material impropriety in his sentence.

## III

 Returning to the *arguendo* assumption that the defendant would be entitled to a new trial as a result of the *Crawford* error discussed in Section I, I confront the question whether the defendant may be entitled to release pending re-trial in order to minimize the amount of potentially "dead time" he might serve.[2]  It is clear, however, from my treatment of the effect of the erroneous Murray evidence ruling, that I believe the case against the defendant was quite strong.  More importantly, the defendant is not a good candidate for bail.  He brazenly engaged in separate criminal activity during the same period of time he was on trial before me.  Given defendant's demonstrated track record of indifference to—indeed contempt for—his obligation to obey the law especially while enlarged on bail, it is unlikely a judicial officer would be able to conclude by clear and convincing evidence that there are any conditions which could be imposed to assure this defendant would pose no danger to the community pending any re-trial. 18 U.S.C. § 3143(b).  Given what I understand to be the defendant's projected release date should his conviction stand (July 2008), I am satisfied at this point that the remaining term of imprisonment will exceed the total of the time already served plus the expected duration of the appeal (and, if necessary, any new trial). · Consequently, there is no reason to stay execution of the sentence because defendant is unlikely, in any event, to be released on bail even if a retrial is ordered.

**2.**  If the sentence in the instant case were to be vacated, I understand the defendant would be deemed to have completed in November 2004 the incarcerative portion of the partially

## IV

For all these reasons, I deny the defendant's motion for a stay of execution of his sentence.

concurrent sentence imposed by Judge Saris in Criminal No. 03–10077–PBS for the offense he committed while the trial in this case was ongoing.